# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO AGUILAR,<br><br>　　　　　Plaintiff,<br>vs.<br><br>AURORA LOAN SERVICES, LLC., et al.,<br>　　　　　Defendants. | CASE NO. 11CV3030-LAB (jma)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

Aguilar alleges that Defendants America One Finance and First National Bank misrepresented his[1] actual income on a home loan application in order to approve a loan with a "substantially high risk of default." Aguilar did subsequently default on his loan. Now before the Court is his motion for a preliminary injunction to stop Aurora Loan Services, the loan servicer and holder of the deed of trust, from asserting ownership of his home and evicting him from it.

Aguilar's complaint isn't completely clear about what he believes Aurora has done wrong. As best the Court can tell, in January 2009 Aguilar and Aurora agreed to some kind of loan modification, which Aguilar calls a "trial modification agreement." Aguilar, for the next three months, made payments to Aurora pursuant to that modification. Rather than stick with this arrangement, however, Aguilar alleges that Aurora simply stopped working with him, and on June 11, 2009 purchased his home (from itself, really) in a trustee's sale. (Compl. ¶ 61.)

---

[1] Aguilar's complaint refers to Aguilar in the masculine and the feminine, but the Court assumes Aguilar is a man. (*See* Compl. ¶¶ 56, 57.)

This story is straightforward enough, but other of Aguilar's factual allegations confuse it. First, in his complaint, filed on December 28, 2011, he claims that "Aurora is the servicer of the note currently conducting a Trustee Sale on 7/18/2011 at 10:00 a.m." (Compl. ¶ 7.) Second, Aguilar alleges that "Aurora sold at public auction Debtor's residence even though Debtor and Debtor and Debtor's counsel were actively negotiating a loan modification." (Compl. ¶ 18.)  If Aurora *sold* Aguilar's home, though, in August of last year, then why does Aguilar seek a preliminary injunction to stop *Aurora* from asserting ownership?

To obtain a preliminary injunction, Aguilar "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008).  He has failed to satisfy even the first prong.  Rather than explain to the Court how or why he is likely to succeed on the merits, he simply *asserts* that he is and then cites a completely unrelated case from this district in which the Court found that a plaintiff was likely to succeed on her claims that she did not receive statutorily mandated loan disclosures as required under TILA and RESPA. *See Moceri v. Plaza Home Mortgage*, Case No. 11CV1060, Dkt. No. 4.  Moreover, the Court questions Aguilar's basic story.  He has offered no evidence that Aurora had some free-floating obligation to modify his loan, no evidence that the "trial modification agreement" was binding on Aurora, and no evidence, beyond his own declaration, of the agreement itself.

Looking at Aguilar's complaint and preliminary injunction motion together, the Court finds he has not shown that his claim against Aurora for breaching the covenant of good faith and fair dealing is likely to succeed on the merits.  His motion for a preliminary injunction is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: February 15, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge