# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO AGUILAR,<br><br>                              Plaintiff,<br>   vs.<br><br>AURORA LOAN SERVICES, LLC., et al.,<br><br>                              Defendants. | CASE NO. 11CV3030-LAB (JMA)<br><br>**ORDER DENYING REQUEST FOR ENTRY OF DEFAULT** |

Aguilar has asked the Clerk of Court to enter default against Defendants Aurora Loan Services and First National Bank of Arizona. The request is **DENIED**.

Aguilar has done nothing other than mail a copy of the summons and complaint to the Defendants, and under Fed. R. Civ. P. 4(h) that is inadequate. *See Anderton v. Avery Financial Services*, 2011 WL 4584979 at *6 (D. Idaho, Aug. 23, 2011) ("Service through mail is not an acceptable means of service for individuals or business associations under Fed.R.Civ.P. 4(e) or (h)."). Rule 4(h) also allows for service in compliance with *state* law, but Aguilar doesn't explain how simply mailing a summons and complaint to a defendant corporation constitutes valid service in either California law or the state where service was allegedly made (the Court presumes New York). *See* Fed. R. Civ. P. 4(h)(1)(A). In fact, California does allow for service by mail, but only within strict guidelines that it does not appear Aguilar has satisfied. *See Cal. Code of Civil Procedure* § 415.30. Aguilar should

1  also be aware that the mail receipt he attached to his proof of service of First National Bank
2  of Arizona is the receipt for mailing the summons and complaint to Aurora.  (*See* Dkt. No.
3  8-2, Ex. A.)
4      If Aguilar believes he has properly served Defendants under Fed. R. Civ. P. 4(h) and
5  4(e)(1), he must show cause within one week of the date this Order is entered.  Otherwise,
6  the clock is still ticking on Aguilar's time to serve Defendants under Fed. R. Civ. P. 4(m).
7      **IT IS SO ORDERED**.
8  DATED:  February 21, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge