# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ADOLFO AGUILAR, | CASE NO. 11CV3030-LAB (JMA) |
|---|---|
| Plaintiff, | **ORDER DENYING REQUEST FOR ENTRY OF DEFAULT** |
| vs. | |
| AURORA LOAN SERVICES, LLC., et al., | |
| Defendants. | |

Aguilar has asked the Clerk of Court to enter default against Defendants Aurora Loan Services and First National Bank of Arizona. The request is **DENIED**.

Aguilar has done nothing other than mail a copy of the summons and complaint to the Defendants, and under Fed. R. Civ. P. 4(h) that is inadequate. *See Anderton v. Avery Financial Services*, 2011 WL 4584979 at *6 (D. Idaho, Aug. 23, 2011) ("Service through mail is not an acceptable means of service for individuals or business associations under Fed.R.Civ.P. 4(e) or (h)."). Rule 4(h) also allows for service in compliance with *state* law, but Aguilar doesn't explain how simply mailing a summons and complaint to a defendant corporation constitutes valid service in either California law or the state where service was allegedly made (the Court presumes New York). *See* Fed. R. Civ. P. 4(h)(1)(A). In fact, California does allow for service by mail, but only within strict guidelines that it does not appear Aguilar has satisfied. *See Cal. Code of Civil Procedure* § 415.30. Aguilar should

also be aware that the mail receipt he attached to his proof of service of First National Bank of Arizona is the receipt for mailing the summons and complaint to Aurora.  (*See* Dkt. No. 8-2, Ex. A.)

If Aguilar believes he has properly served Defendants under Fed. R. Civ. P. 4(h) and 4(e)(1), he must show cause within one week of the date this Order is entered.  Otherwise, the clock is still ticking on Aguilar's time to serve Defendants under Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED**.

DATED:  February 21, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge